**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4248
_____

MARVIN IVAN FUENTES-MIRANDA,

                                                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

                                                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-359-187)
Immigration Judge:  Honorable Andrew R. Arthur

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 3, 2013
Before:  SCIRICA, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: August 1, 2013 )
_____

OPINION
_____

PER CURIAM

        Petitioner, Marvin Ivan Fuentes-Miranda, seeks review of a final order of removal.

For the reasons discussed below, we will dismiss in part and deny in part the petition for

review.

I.

Fuentes-Miranda is a 43 year-old citizen of Honduras who entered the United States unlawfully in 1990. In 2011, the government commenced removal proceedings against him under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present without being admitted or paroled, and § 1182(a)(2)(A)(i)(I), as an alien who committed a crime involving moral turpitude. Fuentes-Miranda sought asylum, withholding of removal, and protection under the Convention Against Torture (CAT), claiming that, in 1988, he and his family, who were members of the National Party, were attacked by "death squadrons" affiliated with the governing Liberal Party. Fuentes-Miranda stated that, as a result of injuries sustained in the attack, he lost sight in his left eye and hearing in his left ear.

The Immigration Judge (IJ) denied Fuentes-Miranda's applications for relief, and the Board of Immigration Appeals (BIA) dismissed his appeal. First, the BIA determined that Fuentes-Miranda's asylum application was untimely because he filed it more than 20 years after entering the country, and neither his physical disabilities nor his ignorance of this country's immigration laws constituted an extraordinary circumstance warranting an exception to the filing deadline. See 8 U.S.C. § 1158(a)(2)(D). With respect to Fuentes-Miranda's application for withholding of removal, the BIA concluded that, even assuming that the events he described amounted to past persecution, the government had rebutted the presumption of future persecution by showing a fundamental change in circumstances in Honduras. Specifically, the BIA explained that 24 years had passed since Fuentes-Miranda had been attacked, and that the party he supported, the National Party, has since taken control of the government. Furthermore, the BIA noted, the State

2

Department reported that political violence has decreased since the 1980s, and that there have not been any recent accounts of politically motivated disappearances or other persecution.[1] In addition, the BIA determined that Fuentes-Miranda had failed to show that it is more likely than not that he would be tortured by any of the groups he fears if forced to return to Honduras. Lastly, the BIA considered Fuentes-Miranda's claim that his due process rights were violated when the interpreter at the removal hearing provided inaccurate translations, but concluded that there was no record support for his contention. This petition for review followed.

## II.

We may not review the BIA's determination that Fuentes-Miranda's asylum application was untimely.[2] See 8 U.S.C. § 1158(a)(3) (stating that "[n]o court shall have jurisdiction to review any determination of the Attorney General" relating to the timeliness of an asylum application); Sukwanputra v. Gonzales, 434 F.3d 627, 632-33 (3d Cir. 2006). We retain jurisdiction, however, to review the denial of withholding of

---

[1] In support of his applications, Fuentes-Miranda also claimed that he may have suffered persecution in the past because of his membership in the farm workers' union (MUCA), and that he feared future persecution due to general violence by gang members, drug traffickers, and other criminals in Honduras. The BIA determined that he had failed to establish eligibility for withholding of removal on any of these bases. Fuentes-Miranda does not challenge this ruling in his informal brief.

[2] Fuentes-Miranda also sought humanitarian asylum under 8 C.F.R. § 1208.13(b)(1)(iii). However, because this form of relief is available only to persons eligible for asylum, and Fuentes-Miranda's asylum application was pretermitted because it was not filed in a timely manner, he was not eligible for this form of relief. See 8 C.F.R. § 1208.13(b)(1)(iii), (c)(1).

removal and relief under the CAT. See Tarrawally v. Ashcroft, 338 F.3d 180, 185-86 (3d Cir. 2003); 8 U.S.C. § 1252(a)(2)(D). We review these decisions for substantial evidence, considering whether they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Lin-Zheng v. Att'y Gen., 557 F.3d 147, 155 (3d Cir. 2009) (en banc) (internal citation omitted).

We see no error in the BIA's determination that Fuentes-Miranda failed to meet his burden of proof to establish eligibility for withholding of removal or relief under the CAT. See Toure v. Att'y Gen., 443 F.3d 310, 317 (3d Cir. 2006) (explaining that withholding of removal may be granted upon a showing that it is more likely than not that the applicant will be subjected to persecution if he is deported); 8 C.F.R. § 1208.16(c)(2) (providing that, to qualify for relief under the CAT, an applicant must establish "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal"). The State Department's recent reports on Honduras do not indicate that death squads affiliated with the Liberal Party—which has since lost power—are committing acts of political violence against current or former members of the National Party. While the State Department and Human Rights Watch report that security forces have not been held accountable for abuses committed after the 2009 coup, and that Honduras suffers from general violence and human rights violations, nothing in the record suggests that Fuentes-Miranda would be targeted on account of his affiliation—24 years ago—with the National Party. See Al-Fara v. Gonzales, 404 F.3d 733, 740 (3d Cir.

4

2005) (explaining that generally harsh conditions shared by many others do not amount to persecution).

We also agree with the BIA that nothing in the record supports Fuentes-Miranda's contention that the interpreter at the removal hearing was incompetent and grew tired of providing Fuentes-Miranda with translations during the proceedings. As the BIA noted, there were only a few instances where the interpreter had to repeat questions posed to Fuentes-Miranda. Furthermore, the IJ instructed the interpreter on numerous occasions to speak loudly so that Fuentes-Miranda, who has difficulty hearing, could clearly discern the questions. Finally, Fuentes-Miranda does not point to any specific examples in the hearing transcript of his failure to understand a particular question, nor does he explain how his testimony would have been different had a more capable interpreter been present. Under these circumstances, Fuentes-Miranda has not shown a due process violation.[3] See Khan v. Att'y Gen., 448 F.3d 226, 236 (3d Cir. 2006) (requiring an alien to show "substantial prejudice" in order to establish a procedural due process violation).

### III.

For the foregoing reasons, we will dismiss the petition for review in part and deny it in part.

---

[3] To the extent that Fuentes-Miranda claims that the IJ and BIA failed to consider all of his testimony and documentary evidence, we are satisfied that the agency conducted a thorough review of the evidence. See Sevoian v. Ashcroft, 290 F.3d 166, 178 (3d Cir. 2002) ("The Board is not required to write an exegesis on every contention, but only to show that it has reviewed the record and grasped the movant's claims.") (quotation marks and citation omitted).